**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov
**CHAPTER 13 PLAN (Individual Adjustment of Debts)**

☐ _____ Original Plan
☐ __1st__ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)
☐ _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Mario F. Suazo        JOINT DEBTOR: _____        CASE NO.: 17-19789-AJC
SS#: xxx-xx-2191              SS#: xxx-xx-_____

## I. NOTICES

To Debtors: Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1(C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

To Creditors: Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

To All Parties: The plan contains no nonstandard provisions other than those set out in paragraph VIII. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☒ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ☒ Not included |
| Nonstandard provisions, set out in Section VIII | ☒ Included | ☐ Not included |

## II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $ 2,145.00 for months 1 to 60;

**B. DEBTOR(S)' ATTORNEY'S FEE:** ☐ NONE    ☐ PRO BONO

Total Fees: $ 8,500.00    Total Paid: $ 1,400.00    Balance Due: $ 7,100.00
Payable $ 169.05 /month (Months 1 to 42)

Allowed fees under LR 2016-1(B)(2) are itemized below:
$ 3,500.00 + $5,000.00 (2 MMM's)

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

## III. TREATMENT OF SECURED CLAIMS

**A. SECURED CLAIMS:** ☐ NONE
[Retain Liens pursuant to 11 U.S.C. §1325 (a)(5)] Mortgage(s)/Lien on Real or Personal Property:

1. Federal National Association
c/o Shapiro, Fishman & Gache, LLP
2424 North Federal Highway, Ste 360        MMM Adequate Protection $ 961.46 /month (Months 1 to 60)
Boca Raton, FL 33431
Account No.: 9854

LF-31 (rev. 10/01/17)

Real Property
☒ Principal Residence
☐ Other Real Property
Address of Collateral:_____

Check one below for Real Property:
☒ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Personal Property/Vehicle
☐ Description of Collateral:_____

2. Tropical Finanancial CU
   3050 Corporate Way
   Hollywood, FL 33025
   Account No.: 8597

MMM Adequate Protection $ 799.39 /month (Months 1 to 60)

Real Property
☒ Principal Residence
☐ Other Real Property
Address of Collateral:_____

Check one below for Real Property:
☐ Escrow is included in the regular payments
☐ The debtor(s) will pay ☐ taxes ☐ insurance directly

Personal Property/Vehicle
☐ Description of Collateral:_____

B. **VALUATION OF COLLATERAL:** ☒ NONE
IF YOU ARE A SECURED CREDITOR LISTED BELOW, THE PLAN SEEKS TO VALUE THE COLLATERAL SECURING YOUR CLAIM IN THE AMOUNT INDICATED. A SEPARATE MOTION WILL ALSO BE SERVED UPON YOU PURSUANT TO BR 7004 AND LR 3015-3.

1. **REAL PROPERTY:** ☐ NONE

| 1. Creditor:_____ Address:_____ _____ Real Property ☐ Principal Residence ☐ Other Real Property Address of Collateral:_____ _____ | Value of Collateral:       $_____ Amount of Creditor's Lien: $_____ Interest Rate:____ % Check one below: ☐ Escrow is included in the monthly mortgage payment listed in this section The debtor(s) will pay ☐ taxes ☐ insurance directly | Payment Total paid in plan: $_____ $_____ /month (Months___ to ___) $_____ /month (Months___ to ___) |
|---|---|---|

2. **VEHICLE(S):** ☒ NONE

| 1. Creditor:_____ Address:_____ _____ Last 4 Digits of Account No.:_____ VIN:_____ Description of Collateral:_____ _____ Check one below: ☐ Claim incurred 910 days or more pre-petition | Value of Collateral:       $_____ Amount of Creditor's Lien: $_____ Interest Rate:____ % | Payment Total paid in plan: $_____ $_____ /month (Months___ to ___) $_____ /month (Months___ to ___) |
|---|---|---|

| ☐ Claim incurred less than 90 days pre-petition | | |

**3. PERSONAL PROPERTY:** ☒ NONE

| 1. Creditor:_____<br>Address:_____<br>_____<br>Last 4 Digits of Account No.:_____<br>Description of Collateral:_____<br>_____<br>Check one below:<br>☐ Claim incurred 1 year or more pre-petition<br>☐ Claim incurred less than one year pre-petition | Value of Collateral:      $_____<br>Amount of Creditor's Lien: $_____<br>Interest Rate:____ % | <u>Payment</u><br>Total paid in plan: $_____<br>$_____/month (Months___ to ___)<br>$_____/month (Months___ to ___) |

C. **LIEN AVOIDANCE** ☒ NONE

    ☐ Judicial liens or nonpossessory, nonpurchase money security interests securing the claims will be avoided to the extent that they impair the exemptions under 11 U.S.C. § 522 as listed below. A separate motion will also be served pursuant to BR 7004 and LR 3015-3.

    1. Creditor:_____
       Address:_____        Collateral:_____
       Account No.:____        Exemption:___

D. **SURRENDER OF COLLATERAL:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

    ☒ NONE
    ☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors.
    ☐ Other:_____

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. _____ | _____ | _____ |

E. **DIRECT PAYMENTS:** Secured claims filed by any creditor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

    ☐ NONE
    ☒ The debtor(s) elect to make payments directly to each secured creditor listed below. The debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| Name of Creditor | Last 4 Digits of Account No. | Description of Collateral (Address, Vehicle, etc.) |
|---|---|---|
| 1. Sunset Lake Estates II HOA | 03-CU | 6318 SW 68 Ter Miami, FL 33193 |

IV. **TREATMENT OF FEES AND PRIORITY CLAIMS** [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]

LF-31                                              Page 3 of 7

**ADMINISTRATIVE FEES OTHER THAN DEBTOR(S)'**

    A. **ATTORNEY'S FEE:** ☒ NONE

        Name: _____
        Payment Address: _____
        Total Due $_____
        Payable $_____/month (Months _____ to _____)

    B, **INTERNAL REVENUE SERVICE:** ☒ NONE

        Total Due $_____ Total Payment $_____
        Payable $_____/month (Months _____ to _____)

    C. **DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE     ☐ CURRENT AND PAID OUTSIDE

        Name of Creditor:_____
        Payment Address:_____
        Total Due $_____
        Payable $_____/month (Months _____ to _____)
        Regular Payment (if applicable) $_____ (Months _____ to _____)

    D. **OTHER:** ☒ NONE

        Name of Creditor: _____
        Address:_____
        Total Due $_____
        Payable $_____/month (Months _____ to _____)
        Regular Payment (if applicable) $_____ (Months _____ to _____)

V. **TREATMENT OF UNSECURED NONPRIORITY CREDITORS**

    A. Pay $ 0.60 /month (Months 1 to 42) and $ 169.65 /month (Months 43 to 60).
       Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    A. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    B. **SEPARATELY CLASSIFIED:** ☒ NONE

        Name of Creditor:_____
        Address:_____
        Last 4 Digits of Account No.:_____
        Basis for Separate Classification_____
        Payable $_____/month (Months _____ to _____)
        *Debtor(s) certify the separate classification(s) of the claim(s) listed above will not prejudice other unsecured nonpriority creditors pursuant to 11 U.S.C. § 1322.

VI. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES:** Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

    ☒ NONE

    ☐ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| Name of Creditor | Collateral | Acct. No.(Last 4 Digits) | Assume/Reject |
|---|---|---|---|
| 1. _____ | _____ | _____ | ☐ Assume ☐ Reject |

**VII. INCOME TAX RETURNS AND REFUNDS** ☒ NONE

☐ Debtor(s) will not provide tax returns unless requested by any interested party pursuant to 11 U.S.C. § 521.

☐ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims.
[Broward/Palm Beach cases]

☐ The debtor(s) is hereby advised that the chapter 13 trustee has requested that the debtor(s) comply with 521(f) 1-4 on an annual basis during the pendency of this case. The debtor(s) hereby acknowledges that the deadline for providing the Trustee with their filed tax returns is on or before May 15 of each year the case is pending and that the debtor(s) shall provide the trustee (but not file with the Court) with verification of their disposable income if their gross household income increases by more than 3% over the previous year's income [Miami Cases]

**VIII. NON-STANDARD PLAN PROVISIONS** ☐ NONE

☐ Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

1. _____

☒ Mortgage Modification Mediation

The debtor has filed a Verified Motion for Referral to MMM with:
**Federal National Association** ("Lender"), loan number **x x x x 9 8 5 4**, for real property located at **16318 SW 68 Terr Miami, FL 33193**. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final

Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

☒ Mortgage Modification Mediation

The debtor has filed a Verified Motion for Referral to MMM with:
**Tropical Finanancial CU** ("Lender"), loan number **7 0 0 4 6 8 5 9 7 4**, for real property located at **16318 SW 68 Terr Miami, FL 33193**. The parties shall timely comply with all requirements of the Order of Referral to MMM and all Administrative Orders/Local Rules regarding MMM. While the MMM is pending and until the trial/interim payment plan or the permanent mortgage modification/permanent payment is established by the parties, absent Court order to the contrary, the debtor has included a post-petition monthly plan payment (a) with respect to the debtor's homestead, of no less than the lower of the prepetition monthly contractual mortgage payment or 31% of the debtor's gross monthly income (after deducting any amount paid toward HOA fees due for the property) and (b) with respect to income producing property, of no less than 75% of the gross income generated by such property, as a good faith adequate protection payment to the lender. All payments shall be considered timely upon receipt by the trustee and not upon receipt by the lender.

Until the MMM is completed and the Final Report of Mortgage Modification Mediator is filed, any objection to the lender's proof of claim on the real property described above shall be held in abeyance as to the regular payment and mortgage arrearage stated in the proof of claim only. The debtor shall assert any and all other objections to the proof of claim prior to confirmation of the plan or modified plan.

If the debtor, co-obligor/co-borrower or other third party (if applicable) and the lender agree to a settlement as a result of the pending MMM, the debtor will file the MMM Local Form "Ex Parte Motion to Approve Mortgage Modification Agreement with Lender" (or Self-Represented Debtor's Motion to Approve Mortgage Modification Agreement with Lender) no later than 14 calendar days following settlement. Once the settlement is approved by the Court, the debtor shall immediately amend or modify the plan to reflect the settlement and the lender shall amend its Proof of Claim to reflect the settlement, as applicable.

If a settlement is reached after the plan is confirmed, the debtor will file a motion to modify the plan no later than 30 calendar days following approval of the settlement by the Court and the Lender shall have leave to amend its Proof of Claim to reflect the settlement reached after confirmation of the plan. The parties will then timely comply with any and all requirements necessary to complete the settlement.

In the event the debtor receives any financial benefit from the lender as part of any agreement, the debtor shall immediately disclose the financial benefit to the Court and the trustee and amend or modify the plan accordingly.

If the lender and the debtor fail to reach a settlement, then no later than 14 calendar days after the mediator's Final Report is filed, the debtor will amend or modify the plan to (a) conform to the lender's Proof of Claim (if the lender has filed a Proof of Claim), without limiting the Debtor's right to object to the claim or proceed with a motion to value; or (b) provide that the real property will be "treated outside the plan." If the property is "treated outside the plan," the lender will be entitled to in rem stay relief to pursue available state court remedies against the property. Notwithstanding the foregoing, lender may file a motion to confirm that the automatic stay is not in effect as to the real property.

Confirmation of the plan will be without prejudice to the assertion of any rights the lender has to address payment of its Proof of Claim.

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

_[signature]_  . 10-13-17

| Debtor | Date | Joint Debtor | Date |

_____  _____
Attorney with permission to    Date
sign on Debtor(s)' behalf

By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph VIII.